UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HAROLD FLANDERS,

          Plaintiff,

v.                                     **DECISION AND ORDER**
                                          11-CV-328S

DR. JIN, DR. JADOW RAO, RPA ALICIA
SCHUNK, DR. DIPIERO, DR. HABIB SHEIKH,

          Defendants.

1.      Presently before this Court is Defendants' motion for summary judgment dismissing the complaint. Plaintiff commenced this action *pro se* in April 2011 pursuant to 42 U.S.C. § 1983 seeking damages for Defendants' alleged deliberate indifference to his serious medical condition in violation of his Eighth Amendment rights. During the relevant time, Plaintiff was an inmate in the custody of the New York State Department of Correctional Services.[1] For the reasons that follow, Defendants' motion is granted.

2.      Plaintiff obtained counsel in April 2013. (Docket No. 23.) Discovery was subsequently scheduled to be completed by December 20, 2013. After obtaining an adjournment of the dispositive motion deadline, Defendants timely filed the present motion for summary judgment on May 20, 2014. Plaintiff moved for an extension of discovery on May 30, 2014. Defendants opposed this request, arguing that the failure to conduct depositions resulted from Plaintiff's dilatory responses to discovery negotiations and that further delay would cause them undue prejudice. In a well reasoned order, in which he noted both the considerable delay in Plaintiff's request to extend discovery and the failure to file an anticipated Amended Complaint, Magistrate Judge Scott denied Plaintiff's

---

[1] In 2011, the Department merged with the Division of Parole to become the New York State Department of Corrections and Community Supervision.

request. (Docket No. 40.)  Although that denial was without prejudice to Plaintiff petitioning this Court to reopen discovery in connection with the summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d), no such motion was ever filed.

3. Plaintiff thereafter failed to timely respond to Defendants' motion in accordance with the governing scheduling order, prompting this Court to warn Plaintiff that a further failure to oppose the motion by an August 29, 2014 deadline could result in dismissal of the case for failure to prosecute.  (Docket No. 41.)  On that date, and without any accompanying attorney affirmation or memorandum of law, Plaintiff filed several grievance documents from 2008, 2011, and 2013, the first few pages of his original complaint, and a few pages of medical records for a time period subsequent to that discussed in the complaint. No attempt was made to comply with the submission requirements of Federal Rule of Civil Procedure 56 or Local Rule 56.  Because Defendants are not arguing that Plaintiff failed to exhaust his administrative remedies, and because Plaintiff may not rely on his complaint to raise a triable issue of fact, Plaintiff has offered no substantive opposition to Defendant's motion. See Fed. R. Civil P. 56(e); Champion v. Artuz, 76 F.3d 483, 485 (2d Cir. 1996) ("[A] plaintiff opposing summary judgment may not rely on his complaint to defeat the motion.").

4. Further, Defendants' factually unopposed motion establishes that they are entitled to summary judgment.  To establish a violation of a prisoner's Eighth Amendment rights, there must be evidence of "deliberate indifference to serious medical need of prisoners." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  Here, as detailed in Defendants' declarations, Plaintiff was seen by medical personnel on a weekly, if not daily, basis during the time period in question and provided medication for

his ear infection. Plaintiff's allegations that the Defendants should have referred him to a specialist more quickly is a mere disagreement with a treatment decision that is insufficient to establish that any Defendant was deliberately indifferent to Plaintiff's medical needs. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (even medical malpractice is not tantamount to deliberate indifference); see also Frank v. County of Ontario, 884 F. Supp. 2d 11, 18 (W.D.N.Y. 2012).  Further supporting this conclusion is the fact that Plaintiff had access to this same specialist regardless of the correctional institution in which he was housed. (See e.g. Docket Nos. 32-4 ¶ 7; 32-5 ¶ 17; 32-6 ¶ 15.) Defendants' motion for summary judgment is therefore granted.

     IT HEREBY IS ORDERED, that Defendants' Motion for Summary Judgment (Docket No. 32) is GRANTED and the Complaint is DISMISSED;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   October 27, 2014
         Buffalo, New York

                                                     /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                       Chief Judge
                                               United States District Court